S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
JESSE K. COX – SBN 285218
jcox@lynberg.com
JULIA M. WITT – SBN 249567
jwitt@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

ATTORNEYS FOR DEFENDANTS COUNTY OF ORANGE, BRANDON VIRGOE, ROBERTO PEQUENO, JESUS CARRASCO, SHANE JOHNSON, VINCENT SMITH, AND JUAN LOPEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT COURT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ROBIN WOLCOTT, an individual; and JASON WOLCOTT, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ORANGE, a public entity; BRANDON VIRGOE, an individual; ROBERTO PEQUENO, an individual; JESUS CARRASCO, an individual; SHANE JOHNSON, an individual; VINCENT SMITH, an individual; and JUAN LOPEZ, an individual <br><br> Defendants. | Case No. 8:23-cv-00341 JVS (DFMx) <br><br> Assigned to: Hon. James V. Selna <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br><br> Action Filed: February 28, 2023 <br><br> Trial Date:   September 24, 2024 |

1

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

**COMES NOW**, Defendants COUNTY OF ORANGE ("County"), DEPUTY BRANDON VIRGOE, DEPUTY ROBERTO PEQUENO, DEPUTY JESUS CARRASCO, DEPUTY SHANE JOHNSON, SERGEANT VINCENT SMITH, and SERGEANT JUAN LOPEZ (collectively, "Defendants") in answering Plaintiffs ROBIN WOLCOTT and JASON WOLCOTT'S, individually and as successors-in-interest to Hunter Tice, (hereinafter "Plaintiffs") Second Amended Complaint ("SAC") on file herein, for themselves alone and for no other Defendants, admit, deny, and allege as follows:

1. In answering paragraphs 1 and 2, Defendants admit Plaintiffs have stated the correct basis for the Court's current exercise of jurisdiction but deny any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action.

2. In answering paragraph 3, Defendants admit only that the events and occurrences giving rise to this action occurred within this District. Defendants deny the remainder of the paragraph.

3. In answering paragraph 4, Defendants admit only that the deputy-involved shooting giving rise to this incident occurred at approximately 2:47am on February 10, 2022, in the County of Orange, and that Plaintiffs seek compensatory and punitive damages, attorneys' fees, and costs from Defendants COUNTY OF ORANGE, SHANE JOHNSON, BRANDON VIRGOE, JESUS CARASCO, ROBERTO PEQUENO, JUAN LOPEZ, and VINCENT SMITH. Defendants do not have sufficient information or belief to enable them to answer said paragraph as it relates to unidentified and unserved Does, and on that basis, Defendants deny each and every allegation contained therein as it relates to unidentified and unserved Does. To the extent this paragraph contains allegations against Defendants, Defendants deny generally and specifically each and every allegation contained therein. Furthermore, Defendants deny Plaintiffs and/or Decedent were injured or

1  damaged in any amount or sum, or at all, by reason of any act or omission of

2  Defendants.

3      4.  In answering paragraphs 5, 6, 7, and 8, Defendants deny generally and

4  specifically, each and every allegation contained therein.  Furthermore, Defendants

5  deny Plaintiffs and/or Decedent were injured or damaged in any amount or sum, or

6  at all, by reason of any wrongful act or omission of Defendants.

7      5.  In answering paragraph 9, Defendants admit that Plaintiffs seek punitive

8  damages against Defendants SHANE JOHNSON, BRANDON VIRGOE, JESUS

9  CARRASCO, and ROBERTO PEQUENO.  Defendants do not have sufficient

10  information or belief to enable them to answer said paragraph as it relates to

11  unidentified and unserved Does, and on that basis, Defendants deny each and every

12  allegation contained therein as it relates to unidentified and unserved Does.

13  Defendants deny Plaintiffs and/or Decedent were injured or damaged in any amount

14  or sum, or at all, by reason of any act or omission of Defendants. To the extent this

15  paragraph contains allegations against Defendants, Defendants deny generally and

16  specifically each and every allegation contained therein.

17      6.  In answering paragraph 10, Defendants do not have sufficient information

18  or belief at this time to enable them to admit or deny Plaintiffs' allegations as to the

19  Decedent's residence, and on that basis, deny each and every allegation regarding .

20      7.  In answering paragraph 11, Defendants admit only that Plaintiff ROBIN

21  WOLCOTT sues in her individual capacity for wrongful death under federal and

22  state law, and for survival damages.  Defendants do not have sufficient information

23  or belief to enable them to answer the remainder of this paragraph, and on that basis,

24  deny each and every allegation contained therein.

25      8.  In answering paragraph 12, Defendants admit only that Plaintiff JASON

26  WOLCOTT seeks wrongful death damages under federal law.  Defendants do not

27  have sufficient information or belief to enable them to answer the remainder of said

28

**2**

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED
COMPLAINT**

paragraph, and on that basis, deny each and every allegation contained therein.

9.   In answering paragraph 13, Defendants admit only that the County of Orange is and was a municipal corporation existing under the laws of the State of California; and that the County of Orange was the employer of SHANE JOHNSON, BRANDON VIRGOE, JESUS CARRASCO, ROBERTO PEQUENO, JUAN LOPEZ, VINCENT SMITH, GREGORY SHRUM, OLIVIA COCO, and SHONNIEKA WALLS.  Defendants do not have sufficient information or belief to enable them to answer said paragraph as it relates to unidentified and unserved Does, and on that basis, Defendants deny each and every allegation contained therein as it relates to unidentified and unserved Does.  Defendants deny the remainder of said paragraph.

10.   In answering paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 Defendants admit only that the Deputies and/or Sergeants were employed by the County of Orange as peace officers, acting within the course and scope of their employment with the Orange County Sheriff's Department.  Defendants deny the remainder of said paragraphs.  Furthermore, Defendants deny Plaintiffs and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants.

11. In answering paragraph 25-27, Defendants do not have sufficient information or belief to enable them to answer said paragraph as it relates to unidentified and unserved Does, and on that basis, Defendants deny each and every allegation contained therein as it relates to unidentified and unserved Does.

12.   In answering paragraphs 28 and 29, Defendants do not have sufficient information or belief to enable them to answer said paragraphs at this time, and on that basis, deny each and every allegation contained therein.  Furthermore, Defendants deny Plaintiffs and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

13.  In answering paragraph 30, Defendants admit that Plaintiffs are suing Defendants JOHNSON, VIRGOE, CARRASCO, PEQUENO, LOPEZ, and SMITH in their individual capacities, and seeking punitive damages.  Defendants do not have sufficient information or belief to enable them to answer said paragraph as it relates to unidentified and unserved Does, and on that basis, Defendants deny each and every allegation contained therein as it relates to unidentified and unserved Does.  Furthermore, Defendants deny Plaintiffs and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants.  To the extent this paragraph contains allegations against Defendants, Defendants deny generally and specifically each and every allegation contained therein.

14.  In answering paragraphs 31 and 32, Defendants admit that Plaintiffs served the COUNTY with a claim for damages, and that the County served their notice of claim rejection on October 20, 2022.

15.  In answering paragraph 33, 175, 319, and 461, Defendants admit that Defendants JOHNSON, VIRGOE, CARRASCO, and PEQUNEO were acting under color of law and within the course and scope of their employment with Defendant COUNTY during the incident.  Defendants deny that Plaintiff and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants.

16.  In answering paragraphs 34-173; 176-236; 239-261; 264-294; 320-394; 398-458; and 462-488, Defendants deny generally and specifically, each and every allegation contained therein.  Furthermore, Defendants deny Plaintiffs and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendants.

17.  In answering paragraphs 174, 237, 262, 295 Defendants admit Plaintiff seeks reasonable attorneys' fees, costs, and interest incurred, and/or

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

wrongful death and survival damages, but deny that Plaintiff and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants.  To the extent this paragraph contains allegations against Defendants, Defendants deny generally and specifically each and every allegation contained therein.

18.    In answering paragraph 238, 263, and 397, Defendants admit that Defendants JOHNSON, VIRGOE, CARRASCO, PEQUNEO, LOPEZ, and SMITH, and Deputies SHRUM, COCO, WALLS, and RAY were acting under color of law and within the course and scope of their employment with Defendant COUNTY during the incident.  Defendants do not have sufficient information or belief to enable them to answer said paragraph as it relates to unidentified and unserved Does, and on that basis, Defendants deny each and every allegation contained therein as it relates to unidentified and unserved Does.  Furthermore, Defendants deny Plaintiffs and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants.

19.    In answering paragraphs 296-307 and 308-317, Defendants answer that the claims for relief and allegations contained within these paragraphs have been dismissed as against the County of Orange.  (See, Order Regarding Motion to Dismiss, Dkt. 48).

20.    In answering paragraphs 318 and 396, Defendants reiterate and incorporate by reference their answers to those paragraphs referenced in paragraphs 318 and 396, previously contained in this answer.

21.    In answering paragraph 395, 459, and 489, Defendants admit that Plaintiff brings their claim individually and as successors-in-interest to Decedent and seek wrongful death and survival damages, and punitive damages, but deny that Plaintiff and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants.  To the extent this paragraph

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

contains allegations against Defendants, Defendants deny generally and specifically each and every allegation contained therein.

22.    In answering paragraph 460, Defendants answers that this is a purported statement of law to which no response to required from Defendants. Defendants deny Plaintiffs and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants.  To the extent this paragraph contains allegations against Defendants, Defendants deny generally and specifically each and every allegation contained therein.

23.    As to Plaintiffs' "Prayer for Relief," Defendants deny Plaintiffs and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants, and therefore deny Plaintiffs and/or Decedent are entitled to any of the relief requested.

## FIRST AFFIRMATIVE DEFENSE

24. All County of Orange employees mentioned in Plaintiffs' Second Amended Complaint acted in good faith, without malice, and within the scope of their duties as peace officers of the State of California.  At all times pertinent to this action, the actions of the County of Orange and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

## SECOND AFFIRMATIVE DEFENSE

25.  Any injury or damages suffered by Plaintiffs and/or Plaintiffs' Decedent were caused solely by reason of their own wrongful acts and conduct, and/or the acts and/or conduct of Decedent, and not by reason of any unlawful act or omission of these Defendants.  Moreover, Plaintiffs and/or Decedent failed to act in compliance with the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiffs, in any capacity, and/or Decedent in Plaintiffs' Second

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

26.     Plaintiffs' claims are barred by the Qualified Immunity Doctrine.

### FOURTH AFFIRMATIVE DEFENSE

27.     Plaintiffs and/or Decedent willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the Second Amended Complaint.  Defendants are not liable for injury or damages, if any there were, because Plaintiffs and/or Decedent were aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose themselves to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiffs and/or Decedent herein, therefore barring Plaintiffs, in any capacity, and/or Decedent from recovering, any relief from Defendants.

### FIFTH AFFIRMATIVE DEFENSE

28.     By the exercise of reasonable effort, Plaintiffs could have mitigated the amount of damages, if any there were, but Plaintiffs failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiffs are barred from seeking recovery of those damages.

### SIXTH AFFIRMATIVE DEFENSE

29.     The present action is not brought or maintained in good faith, and Defendants consequently pray for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

### SEVENTH AFFIRMATIVE DEFENSE

30.     Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

/ / /

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

**EIGHTH AFFIRMATIVE DEFENSE**

31.     Defendants' actions herein were all pursuant to legitimate penal interests.

**NINTH AFFIRMATIVE DEFENSE**

32.     The force used on Decedent, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

**TENTH AFFIRMATIVE DEFENSE**

33.     Plaintiffs' claims are barred by the principles expressed in <u>Jones v. Williams</u>, 297 F.3d 930, 935 (9th Cir. 2002) and <u>Peck v. Montoya</u>, 51 F.4th 877 (9th Cir. 2022), requiring personal participation for liability under 42 <u>U.S.C.</u> § 1983.

**ELEVENTH AFFIRMATIVE DEFENSE**

34.     The force used on Decedent, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others.  Peace officers need not retreat nor desist their law enforcement efforts by reason of Decedent's resistance or threatened resistance.  Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Decedent's detention and/or arrest, or to prevent Decedent escape or to overcome his resistance.

**TWELFTH AFFIRMATIVE DEFENSE**

35.     Defendants allege that Plaintiffs received "collateral source payments" as set forth in <u>California Government Code</u> § 985 and that the verdict, if any, must be reduced accordingly.

**THIRTEENTH AFFIRMATIVE DEFENSE**

36.     Defendants allege that Plaintiffs' claims are barred by the provisions of <u>California Government Code</u> §§ 815, 815.2, 815.6, 818, 818.2, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, 822.2, 844.6, 845, 845.2,

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

845.4, 845.6, 845.8, 846, 850, 850.2, 850.4, 850.6, 850.8, 855.6, 855.8, 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 913, 913.2, 945.3, 945.4, 945.6, and/or 946.6.

## FOURTEENTH AFFIRMATIVE DEFENSE

37.     The force, if any, used on Decedent was only that amount of force justified pursuant to <u>California Civil Code</u> § 50 and/or <u>California Penal Code</u> § 835a.

## FIFTEENTH AFFIRMATIVE DEFENSE

38.     This action is barred by the pertinent statute of limitations, including but not limited to, that expressed in <u>California Code of Civil Procedure</u> §§ 335.1, 338, 338.1, 340, 342, 352.1(b) and/or <u>California Government Code</u> §§ 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 913, 913.2, 945.3, 945.4, 945.6, and/or 946.6.

## SIXTEENTH AFFIRMATIVE DEFENSE

39.     Defendants allege that Plaintiffs' claims are barred by the provisions of <u>California Government Code</u> §§ 910 <u>et seq</u>.  Plaintiffs have failed to properly comply with pertinent claim procedures.  Moreover, Plaintiffs' operative Second Amended Complaint improperly varies from the contents of their governmental claims, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

40.     Plaintiffs' claims are barred by <u>California Penal Code</u> §§ 196, 197, 458, 459, 460, 461, 602.5, 830.5, 834, 834a, 834b, 835, 835a, 836, 836.5, 837, 839, 840, 844, 849.5, 847, and 848.

## EIGHTEENTH AFFIRMATIVE DEFENSE

41.     Plaintiffs' claims are barred by the principles expressed in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Susag v. City of Lake Forest</u>, 94 Cal.App.4th 1401 (2002); and <u>Edson v. City of Anaheim</u>, 63 Cal.App.4th 1269, 1274 (1998).

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

### NINETEENTH AFFIRMATIVE DEFENSE

42.     Plaintiffs' claims are barred by the provisions of California Code Civil Procedure §§ 377 et seq., including but not limited to, 377.10, 377.11, 377.30, 377.31, 377.32, 377.33, 377.34, 377.35, 377.60, 377.61, and 377.62.

### TWENTIETH AFFIRMATIVE DEFENSE

43.     Defendants allege that none of the claims or causes of action of Plaintiffs' Second Amended Complaint state facts sufficient to constitute a claim against said Defendants for punitive or exemplary damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

44.     Defendants allege that Plaintiffs' action is barred by the provisions of California Civil Code § 3333 and 3333.3.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

45.     Plaintiffs' claims are barred by res judicata and/or collateral estoppel principles.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

46.     Plaintiffs' suit is barred by the doctrine of unclean hands.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

43.     Defendants allege that Plaintiffs' claims fail to allege a constitutional or statutory violation.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

47.     Pursuant to Rutledge v. Arizona Board of Regents, 660 F.2d. 1345 (9th Cir. 1981) and Parratt v. Taylor, 451 U.S. 527 (1981), Plaintiffs' claim(s) under the Federal Civil Rights Act is/are barred due to the Plaintiffs' adequate state remedies.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

48.     A peace officer is not liable for punitive damages when an officer's acts are not willful, malicious, or in bad faith.  Gill v. Manuel, 488 F.2d 799 (9th Cir. 1973).

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

49.     Pursuant to <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), Defendants are immune from liability pursuant to the Federal Civil Rights Act where said Defendants acted in good faith and entertained an honest and reasonable belief that Defendants' actions were necessary.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

50.     Plaintiffs and/or Decedent did not sustain an injury, if at all, sufficient to give rise to a violation of Plaintiffs' and/or Decedent's Federal Civil Rights.

**TWENTH-NINTH AFFIRMATIVE DEFENSE**

51.     Any injury to Plaintiffs and/or Decedent was due to and caused by Plaintiffs' and/or Decedent own negligence and failure to act with reasonable care, which a reasonably prudent person would have used under the same or similar circumstances.  Plaintiffs and/or Decedent's carelessness, negligence, and omissions were the proximate cause of the damage, if any, to Plaintiffs and/or Decedent.  Any damages awarded in this action should therefore be in direct proportion to the fault of these Defendants, if any, as well as that of any other co-defendant, person, and parties, and any award to Plaintiffs must be reduced by the amount of Plaintiffs' and/or Decedent's negligence or fault as provided by <u>California Civil Code</u> §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

**THIRTIETH AFFIRMATIVE DEFENSE**

52.     Plaintiffs' Second Amended Complaint fails to allege facts sufficient to constitute a viable claim(s) for relief.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

53.     Plaintiffs' suit is barred by the doctrine of waiver and/or consent.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

54.     Plaintiffs lack standing to prosecute the asserted claims.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

55.     Reasonable suspicion and/or probable cause existed for the seizure, detention, and/or arrest of Decedent at all times pertinent to this action.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

56.     Plaintiffs' suit is barred by the doctrine of estoppel.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

57.     This action was filed against a peace officer and/or a public entity employing peace officers for performance of the peace officer's duty.  As this action was not filed or maintained in good faith, these Defendants claim attorneys' fees pursuant to Code of Civil Procedure § 1021.7.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

58.     Plaintiffs fail to state a cause of action against these Defendants for punitive damages in that punitive damages violate these Defendants' due process of law rights.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

59.     The named and served individual defendants, as well as those Sheriff's Department employees identified in Plaintiffs' Second Amended Complaint, were, at all pertinent times, duly qualified, appointed, and acting as peace officers of the State of California and, at all times therein mentioned, they were engaged in the performance of their regularly assigned duties as peace officers.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

60.     This action is barred by statutory and/or common law immunity principles.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

61.     This action is barred by Plaintiffs' failure to exhaust administrative remedies.

### FORTIETH AFFIRMATIVE DEFENSE

62.     The County of Orange and the actions of its employees and/or agents

12

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED
COMPLAINT

1   were at all times supported by reasonable and legitimate law enforcement purposes.

2   ### FORTY-FIRST AFFIRMATIVE DEFENSE

3   63.    These Answering Defendants were not deliberately indifferent to

4   Plaintiffs' and/or Decedent's constitutional rights.

5   ### FORTY-SECOND AFFIRMATIVE DEFENSE

6   64.    Plaintiffs' claims are barred because Defendants are entitled to rely on

7   reports by citizens, dispatch, and other law enforcement officers.  See, United State

8   v. Mayo, 394 F.3d 1271, 1275 (9th Cir. 2005); Motley v. Parks, 383 F.3d 1058,

9   1068 (9th Cir 2004); see also, Whiteley v. Warden, 401 U.S. 560, 568 (1971);

10  Spiegel v. Cortese, 196 F.3d 717, 726 (7th Cir. 1999).

11  ### FORTY-THIRD AFFIRMATIVE DEFENSE

12  65.    The damages allegedly sustained by Plaintiffs and/or Decedent, which

13  such damages are generally and specifically denied to exist, were the result of the

14  active and affirmative negligent acts or omissions to act of independent third parties

15  and/or entities whose active and affirmative negligence and/or omissions to act

16  resulted in superseding and intervening causes of Plaintiffs' and/or Decedent's

17  alleged damages which thereby relieves these responding Defendants from liability.

18  Any damages awarded in this action should therefore be in direct proportion to the

19  fault of these Defendants, if any, as provided by California Civil Code §§ 1430,

20  1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

21  ### FORTY-FOURTH AFFIRMATIVE DEFENSE

22  66.    Defendants acted in good faith and did not directly or indirectly

23  perform any act whatsoever which would constitute a violation of any right

24  possessed by Plaintiffs and/or Decedent, or any duties owed to Plaintiffs and/or

25  Decedent.

26  / / /

27  / / /

28

**13**

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

### FORTY-FIFTH AFFIRMATIVE DEFENSE

67.     All events in connection with the incident alleged in Plaintiffs' Second Amended Complaint and any resulting injuries or damages were contributed to and proximately caused by the negligence of Plaintiffs and/or Decedent, in that they failed to exercise ordinary care for their own safety under the circumstances, thereby barring any recovery.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

68.     Defendants are not liable for any alleged injuries suffered by Plaintiffs or Decedent allegedly stemming from Defendants' acts or omissions as the acts or omissions were reasonable given the sudden and unexpected emergency situation in which Defendants and/or third parties were in actual or apparent danger of immediate injury, which the emergency situation was not caused by these answering Defendants.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

69.     The County of Orange has never taken any action with a conscious disregard of Plaintiffs' and/or Decedent's rights, and has not engaged in any conduct with respect to Plaintiffs and/or Decedent which would constitute deliberate or intentional conduct, nor has the County of Orange ratified or approved any such act or act of others.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

70.     Plaintiffs' claims are barred by the principles expressed in Monell v. Dept. of Social Services, 436 U.S. 658, 690-694 (1978).

### FORTY-NINTH AFFIRMATIVE DEFENSE

71.     The requisite policy, practice, custom, or usage to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

### FIFTIETH AFFIRMATIVE DEFENSE

72.    The doctrine of respondeat superior is not available for actions brought under 42 U.S.C. § 1983.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

73.    Plaintiffs' claims are barred because the alleged constitutional violations were not ordered by a policy maker for the County of Orange.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

74.    The County of Orange' training was adequate to handle the usual and recurring situations facing its officers.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

75.    The County of Orange' training was not deliberately indifferent to Plaintiffs' and/or Decedent's constitutional rights.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

76.    Defendants' training was not the ultimate cause of Plaintiffs' and/or Decedent's alleged injuries.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

77.    Plaintiffs' claims for relief against the County of Orange are barred in that the relief that Plaintiffs seek is not readily achievable.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

78.    Plaintiffs' claims for relief against the County of Orange are barred in that the relief that Plaintiffs seek may jeopardize the health and safety of others.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

79.    Some or all of Plaintiffs' claims are barred because they are predicated upon unconstitutionally vague and/or overly broad interpretations of regulations or laws.

/ / /

/ / /

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

80.     Defendants allege that in light of the actual risk posed by Decedent to officer and public safety before and during the defendant deputies' use of reasonable force, there was a legitimate safety requirement for the defendant deputies to use force toward Decedent and to take the actions they took to protect themselves and the public.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

81.     Because Plaintiffs' Second Amended Complaint is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendants COUNTY OF ORANGE, SHANE JOHNSON, BRANDON VIRGOE, JESUS CARRASCO, ROBERTO PEQUENO, JUAN LOPEZ, and VINCENT SMITH pray that Plaintiffs take nothing by way of their Second Amended Complaint and that Defendants herein recover their attorneys' fees, costs, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  October 16, 2023          **LYNBERG & WATKINS**

By:  */s/ Jesse K. Cox*
**S. FRANK HARRELL**
**JESSE K. COX**
**JULIA M. WITT**
Attorneys for DEFENDANTS
COUNTY OF ORANGE, DEPUTY
VIRGOE, DEPUTY PEQUENO,
DEPUTY CARRASCO, DEPUTY
JOHNSON, SERGEANT LOPEZ, and
SERGEANT SMITH

16

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1

## **DEMAND FOR A JURY TRIAL**

2          PLEASE TAKE NOTICE that Defendants COUNTY OF ORANGE, SHANE

3    JOHNSON, BRANDON VIRGOE, JESUS CARRASCO, ROBERTO PEQUENO,

4    JUAN LOPEZ, and VINCENT SMITH, hereby demand a trial by jury on all issues

5    pursuant to the Seventh Amendment and <u>Fed. R. Civ. Proc.</u> 38.

6    DATED:  October 16, 2023                    LYNBERG & WATKINS

7

8

9                                                 By:   */s/ Jesse K. Cox*
                                                      **S. FRANK HARRELL**
10                                                    **JESSE K. COX**
                                                      **JULIA M. WITT**
11                                                    Attorneys for DEFENDANTS
                                                      COUNTY OF ORANGE, DEPUTY
12                                                    VIRGOE, DEPUTY PEQUENO,
                                                      DEPUTY CARRASCO, DEPUTY
13                                                    JOHNSON, SERGEANT LOPEZ, and
                                                      SERGEANT SMITH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED
COMPLAINT**