S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
JESSE K. COX – SBN 285218
jcox@lynberg.com
JULIA M. WITT – SBN 249567
jwitt@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

ATTORNEYS FOR DEFENDANTS COUNTY OF ORANGE, BRANDON VIRGOE, ROBERTO PEQUENO, JESUS CARRASCO, SHANE JOHNSON, VINCENT SMITH, AND JUAN LOPEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT COURT OF CALIFORNIA – SOUTHERN DIVISION**

ROBIN WOLCOTT, an individual; and JASON WOLCOTT, an individual,

Plaintiffs,

v.

COUNTY OF ORANGE, a public entity; BRANDON VIRGOE, an individual; ROBERTO PEQUENO, an individual; JESUS CARRASCO, an individual; SHANE JOHNSON, an individual; VINCENT SMITH, an individual; and JUAN LOPEZ, an individual

Defendants.

Case No. 8:23-cv-00341 JVS (DFMx)

Assigned to: Hon. James V. Selna

**JOINT STIPULATION TO MODIFY SCHEDULING ORDER RE TRIAL AND RELATED DATES; DECLARATION OF JESSE K. COX; [PROPOSED] ORDER**

Action Filed: February 28, 2023

Trial Date: September 24, 2024

**STIPULATION**

Plaintiffs ROBIN WOLCOTT and JASON WOLCOTT, individually and as successors-in-interest to Hunter Tice (hereinafter "Plaintiffs"), and Defendants COUNTY OF ORANGE ("County"), DEPUTY BRANDON VIRGOE, DEPUTY ROBERT PEQUENO, DEPUTY JESUS CARRASCO, DEPUTY SHANE JOHNSON, SERGEANT VINCENT SMITH, and SERGEANT JUAN LOPEZ (collectively, "Defendants"), through their respective attorneys of record, hereby stipulate, with Court permission, to modify the Scheduling Order (Dkts. 37 and 41) with respect to the trial date and several associated dates and deadlines.

The Stipulation is based upon the following:

1. This matter stems from a fatal officer-involved shooting that occurred on February 10, 2022, in Lake Forest, California. That day, Decedent Hunter Tice and several Orange County Sheriff's personnel, including Defendants here, had an encounter that ultimately ended with several Sheriff's Department deputies discharging their firearms and striking Mr. Tice. Mr. Tice died as a result of the shooting.

2. The Court issued an order setting a trial date and Final Pretrial Conference date (Dkt. 37) on July 19, 2023, and thereafter issued an Order re Case Management Dates (Dkt. 41) on August 2, 2023. At the time of those orders, the subject shooting was still under investigation by the Orange County District Attorney's Office, as all shootings involving the Orange County Sheriff's Department are investigated by the District Attorney's Office. Typically, those investigations identify potential witnesses and compile voluminous evidence. This usually includes audio-recorded and transcribed statements of the involved parties, family members of involved parties, and third party witnesses; photographs of the incident scene; videos depicting events leading up to, during, and after the incident (such as bodyworn camera footage, patrol car dash-cam footage, and surveillance

footage from nearby residences or businesses); toxicology and autopsy results and reports; criminal histories of involved parties; and medical records. In the parties' experience, the contents of these investigations are kept confidential until a time after the District Attorney's Office publicly publishes its findings if the shooting in question does not result in any criminal prosecution of an involved member of law enforcement. Specific to this shooting, the District Attorney's Office's final report was not published until late 2023. The investigatory materials collected and used by the District Attorney's Office to support its conclusions were not released to the Sheriff's Department until early 2024. These materials include recorded statements from all individual defendants (as well as many more members of the Sheriff's Department present on scene at the time of the shooting), recorded statements by Plaintiffs Robin Wolcott, and Jason Wolcott, identification of and recorded statements from third-party witnesses with witnesses, many video and audio recordings related to the shooting, hundreds of photographs, and autopsy and forensic analyses, among other things. These materials have been disclosed and have informed much of the discovery conducted to date.

3. Now having had a fair opportunity to evaluate the District Attorney's investigatory file produced in discovery, the parties have discussed scheduling and completing party and third-party depositions. After receiving the District Attorney's investigatory file, Plaintiffs noticed the depositions of and intend to depose each named Defendant—five in total. Of them, Sergeant Vincent Smith is and has been off-work on medical leave due to a medical emergency, which has impacted his ability to sit for deposition. With that in mind, the parties have discussed and identified dates during the weeks of May 13 and May 20 to complete these depositions: Deputy Virgoe, May 15, 2024 at 10:00 a.m.; Deputy Pequeno, May 15, 2024, at 2:00 p.m.; Deputy Johnson, May 17, at 9:00 a.m.; Sergeant Lopez, May 21, 2024, at 10:00 a.m.; Deputy Carrasco, May 21, 2024, at 2:00 p.m.; Sergeant Smith,

May 22, 2024, at 10:00 a.m. Defendants intend to complete the depositions of Plaintiffs Robin and Jason Wolcott, and Plaintiffs' counsel had committed to providing their availability. Through meet and confer discussions, Defendants have identified four third-party witnesses whom they believe have discoverable information related to Decedent's conduct and demeanor prior to his encounter with Sheriff's Department personnel, and also discoverable information related to Decedent's relationships with Plaintiffs. The defense has made progress connecting with three out of four of these witnesses and has advised them of that the parties wish to speak to them in deposition. They anticipate these depositions can begin in May. The parties anticipate conducting all depositions remotely in the interests of expediency and convenience to the witnesses.

4. This case was ordered to private mediation for ADR purposes. (See, Dkt. 37). After noticing the individual defendants' deposition in February of 2024, Plaintiffs did not take the depositions because the parties agreed that it would be in the best interest of the case to attempt discussions of early resolution prior to the time and expense of taking the parties' depositions, discovery of expert witnesses, and any dispositive motion. To that end, the parties initially agreed to a mediation with Troy Roe to take place in March of 2024. Due to conflicts between the defendants and Mr. Roe's schedules, the mediation was not able to take place in March or April. Thus, the parties have met and conferred on other possible mediators, as well as dates to complete mediation. The parties have agreed to use Richard Copeland of Conflict Solution Services. Mediation with Mr. Copeland is presently scheduled to begin on Tuesday, May 7, 2024.

5. In terms of other discovery, both sides have propounded and responded to written discovery, including Requests for Production of Documents, Requests for Admission, and Interrogatories. The parties also recently submitted a Stipulated Protective Order to Magistrate Douglas McCormick (Dkt. 50). Magistrate

McCormick signed the Order approving the Protective Order and giving it effect on April 26, 2024. (Dkt. 51). With the Protective Order in place, materials previously identified by the parties in discovery as being subject to the protective order may be produced.

6. Counsel for the parties have previously discussed motion for summary judgment briefing in this case. All counsel recognize this is an important case that deserves all counsel's best work. To this end, counsel met and conferred on an extended briefing schedule for any motion(s) for summary judgment that permits Plaintiff two weeks to oppose any motion and Defendants two weeks to submit reply briefing. That extended scheduled was reflected in the parties' Joint Scheduling Conference Report (Dkt. 34), and in the Court's Order re Case Management Dates (Dkt. 41).

7. Defense counsel's participation in discovery was slowed some from mid-December through mid-February due to family emergency. More specifically, on December 12, 2023, defense counsel, Jesse K. Cox's two-year-old son had an accident and broke his right femur. The injury required surgery, after which Mr. Cox's son was put into a restrictive "spica cast" that immobilized his entire lower body. Mr. Cox's son was required to wear the cast until January 29, 2024 and was home (and out of childcare) the entire time. Mr. Cox's son was unable to do anything on his own. The cast was heavy such that Mr. Cox was the only family member within the home who was able to carry and lift his son throughout the day. The injury also required weekly doctor's appointments to monitor the progress and treatment of Mr. Cox's son's injury. Because of his son's injury, Mr. Cox took time away from work and then worked on a limited basis through February while his son recuperated.

8. The parties have exchanged written correspondences and engaged in teleconferences to arrive at agreeable proposed modifications of the Scheduling

Order that serves the parties' interests, as identified above, while being mindful of not causing unnecessary disruption to the Court's calendar. Accounting for trial counsel's availability (as it is known at the time of this Stipulation) and the Case Management Dates previously identified by the Court, the parties respectfully submit that the above discussion constitutes good cause to modify the Scheduling Order as follows:

- ❖ Fact Discovery Cutoff: from May 6, 2024 to **July 15, 2024**
- ❖ Last day to Serve Initial Expert Reports: from May 20, 2024 to **July 29, 2024**
- ❖ Last day to File Motions (including Motions for Summary Judgment): from June 3, 2024 to **August 12, 2024**
- ❖ Last day to Serve Rebuttal Expert Reports: from June 3, 2024 **to August 12, 2024**
- ❖ Last day to file Opposition to Motion for Summary Judgment: from June 17, 2024 to August 26, 2024
- ❖ Expert Discovery Cut-off: from June 24, 2024 to **September 3, 2024**
- ❖ Last day to file Reply in Support of Motion for Summary Judgment: from July 1, 2024 to **September 9, 2024**
- ❖ Last day for Hearing on Motions (including Motion for Summary Judgment): from July 15, 2024 to **September 23, 2024**
- ❖ Last day to file Motions in Limine: from July 22, 2024 to **September 30, 2024**
- ❖ Last day to file Oppositions to Motions in Limine: from July 29, 2024 to **October 7, 2024**
- ❖ Last day to Conduct Settlement Proceedings: from August 2, 2024 to **October 11, 2024**
- ❖ Last day to File Reply Brief(s) in Support of Motions in Limine: from

August 5, 2024 to **October 14, 2024**

❖ Pretrial Document Lodging/Filings (Pretrial Conference Order; Memorandum of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement): from August 12, 2024 to **October 21, 2024**

❖ Final Pretrial Conference: from August 19, 2024 to **October 28, 2024**

❖ Trial: from September 24, 2024 to **December 3, 2024**

9. The parties believe this above modification is in the best interest of potentially resolving this matter through mediation while attempting to minimize the expenditure of unnecessary resources of the parties and the Court.

10. This is the parties' first request for modification of the Final Pretrial Conference date, the trial document submission dates that flow it, and the parties' related litigation milestones. The parties submit that structuring the deadlines as proposed here would allow for completion of necessary discovery that has been informed by the investigatory materials made available to the parties from the District Attorney's Office; complete a meaningful mediation procedure while conserving costs otherwise expended on expert witnesses; and, if needed, brief and argue of any dispositive motions enough in advance of the parties' Final Pretrial Conference to permit tailored and informed trial document submissions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS SO STIPULATED**, with Court approval, that the Scheduling Order will be modified as reflected herein.

DATED: April 30, 2024

Respectfully submitted,

**LYNBERG & WATKINS**

By: */s/ Jesse K. Cox*[1]
**S. FRANK HARRELL**
**JESSE K. COX**
**JULIA M. WITT**
Attorneys for DEFENDANTS COUNTY OF ORANGE, DEPUTY VIRGOE, DEPUTY PEQUENO, DEPUTY CARRASCO, DEPUTY JOHNSON, SERGEANT LOPEZ, and SERGEANT SMITH

DATED: April 30, 2024

LAW OFFICES OF DALE K. GALIPO

By: */s/ Marcel F. Sincich*
**DALE K. GALIPO**
**MARCEL F. SINCICH**
Attorneys for PLAINTIFFS ROBIN WOLCOTT and JASON WOLCOTT

---

[1] Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

**DECALRATION OF JESSE K. COX**

I, Jesse K. Cox, declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California, and am a partner in the law firm of Lynberg & Watkins, P. C., attorneys of record for County of Orange ("County"), Deputy Brandon Virgoe, Deputy Robert Pequeno, Deputy Jesus Carrasco, Deputy Shane Johnson, Sergeant Vincent Smith, and Sergeant Juan Lopez (collectively, "Defendants")in the above-captioned matter. I make this Declaration based on personal knowledge, and, if called as a witness, I could and would testify to the following facts.

2. This matter stems from a fatal officer-involved shooting that occurred on February 10, 2022, in Lake Forest, California. That day, Decedent Hunter Tice and several Orange County Sheriff's personnel, including Defendants here, had an encounter that ultimately ended with several Sheriff's Department deputies discharging their firearms and striking Mr. Tice. Mr. Tice died as a result of the shooting.

3. The Court issued an order setting a trial date and Final Pretrial Conference date (Dkt. 37) on July 19, 2023, and thereafter issued an Order re Case Management Dates (Dkt. 41) on August 2, 2023. At the time of those orders, the subject shooting was still under investigation by the Orange County District Attorney's Office, as all shootings involving the Orange County Sheriff's Department are investigated by the District Attorney's Office. Typically, those investigations identify potential witnesses and compile voluminous evidence. This usually includes audio-recorded and transcribed statements of the involved parties, family members of involved parties, and third party witnesses; photographs of the incident scene; videos depicting events leading up to, during, and after the incident (such as bodyworn camera footage, patrol car dash-cam footage, and surveillance footage from nearby residences or businesses); toxicology and autopsy results and

reports; criminal histories of involved parties; and medical records. In the parties' experience, the contents of these investigations are kept confidential until a time after the District Attorney's Office publicly publishes its findings if the shooting in question does not result in any criminal prosecution of an involved member of law enforcement. Specific to this shooting, the District Attorney's Office's final report was not published until late 2023. The investigatory materials collected and used by the District Attorney's Office to support its conclusions were not released to the Sheriff's Department until early 2024. These materials include recorded statements from all individual defendants (as well as many more members of the Sheriff's Department present on scene at the time of the shooting), recorded statements by Plaintiffs Robin Wolcott, and Jason Wolcott, identification of and recorded statements from third-party witnesses with witnesses, many video and audio recordings related to the shooting, hundreds of photographs, and autopsy and forensic analyses, among other things. These materials have been disclosed and have informed much of the discovery conducted to date.

4. Now having had a fair opportunity to evaluate the District Attorney's investigatory file produced in discovery, the parties have discussed scheduling and completing party and third-party depositions. After receiving the District Attorney's investigatory file, Plaintiffs noticed the depositions of and intend to depose each named Defendant—five in total. Of them, Sergeant Vincent Smith is and has been off-work on medical leave due to a medical emergency, which has impacted his ability to sit for deposition. With that in mind, the parties have discussed and identified dates during the weeks of May 13 and May 20 to complete these depositions: Deputy Virgoe, May 15, 2024 at 10:00 a.m.; Deputy Pequeno, May 15, 2024, at 2:00 p.m.; Deputy Johnson, May 17, at 9:00 a.m.; Sergeant Lopez, May 21, 2024, at 10:00 a.m.; Deputy Carrasco, May 21, 2024, at 2:00 p.m.; Sergeant Smith, May 22, 2024, at 10:00 a.m. Defendants intend to complete the depositions of

Plaintiffs Robin and Jason Wolcott, and Plaintiffs' counsel had committed to providing their availability. Through meet and confer discussions, Defendants have identified four third-party witnesses whom they believe have discoverable information related to Decedent's conduct and demeanor prior to his encounter with Sheriff's Department personnel, and also discoverable information related to Decedent's relationships with Plaintiffs. The defense has made progress connecting with three out of four of these witnesses and has advised them of that the parties wish to speak to them in deposition. They anticipate these depositions can begin in May. The parties anticipate conducting all depositions remotely in the interests of expediency and convenience to the witnesses.

5. This case was ordered to private mediation for ADR purposes. (See, Dkt. 37). After noticing the individual defendants' deposition in February of 2024, Plaintiffs did not take the depositions because the parties agreed that it would be in the best interest of the case to attempt discussions of early resolution prior to the time and expense of taking the parties' depositions, discovery of expert witnesses, and any dispositive motion. To that end, the parties initially agreed to a mediation with Troy Roe to take place in March of 2024. Due to conflicts between the defendants and Mr. Roe's schedules, the mediation was not able to take place in March or April. Thus, the parties have met and conferred on other possible mediators, as well as dates to complete mediation. The parties have agreed to use Richard Copeland of Conflict Solution Services. Mediation with Mr. Copeland is presently scheduled to begin on Tuesday, May 7, 2024.

6. In terms of other discovery, both sides have propounded and responded to written discovery, including Requests for Production of Documents, Requests for Admission, and Interrogatories. The parties also recently submitted a Stipulated Protective Order to Magistrate Douglas McCormick (Dkt. 50). Magistrate McCormick signed the Order approving the Protective Order and giving it effect on

April 26, 2024. (Dkt. 51). The parties were given notice of the signed protective order on Monday, April 29, 2024. With the Protective Order in place, materials previously identified by the parties in discovery as being subject to the protective order may be produced.

7. Counsel for the parties have previously discussed motion for summary judgment briefing in this case. All counsel recognize this is an important case that deserves all counsel's best work. To this end, counsel met and conferred on an extended briefing schedule for any motion(s) for summary judgment that permits Plaintiff two weeks to oppose any motion and Defendants two weeks to submit reply briefing. That extended scheduled was reflected in the parties' Joint Scheduling Conference Report (Dkt. 34), and in the Court's Order re Case Management Dates (Dkt. 41).

8. Defense counsel's participation in discovery was slowed some from mid-December through mid-February due to family emergency. More specifically, on December 12, 2023, my two-year-old son had an accident and broke his right femur. The injury required surgery, after which my son was put into a restrictive "spica cast" that immobilized his entire lower body. My son was required to wear the cast until January 29, 2024 and was home (and out of childcare) the entire time. My son was unable to do anything on his own. The cast was heavy such that I was the only family member within the home who was able to carry and lift my son throughout the day. The injury also required weekly doctor's appointments to monitor the progress and treatment of my son's injury. Because of my son's injury, I took time away from work and then worked on a limited basis through February while my son recuperated.

9. The parties have exchanged written correspondences and engaged in cooperative teleconferences to arrive at agreeable proposed modifications of the

Scheduling Order that serves the parties' interests, as identified above, while being mindful of not causing unnecessary disruption to the Court's calendar.

10. The parties believe the modifications expressed in the instant Stipulation are in the best interest of potentially resolving this matter through mediation while attempting to minimize the expenditure of unnecessary resources of the parties and the Court.

11. This is the parties' first request for modification of the Final Pretrial Conference date, the trial document submission dates that flow it, and the parties' related litigation milestones. The parties submit that structuring the deadlines as proposed here would allow for completion of necessary discovery that has been informed by the investigatory materials made available to the parties from the District Attorney's Office; complete a meaningful mediation procedure while conserving costs otherwise expended on expert witnesses; and, if needed, brief and argue of any dispositive motions enough in advance of the parties' Final Pretrial Conference to permit tailored and informed trial document submissions.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct, and that this declaration was made and executed this 30th day of April, 2024, in Orange, California.

By: */s/ Jesse K. Cox*
**JESSE K. COX**
Declarant